I respectfully dissent. The majority states that "[t]he prejudicial impact of both DNA 'matching' evidence and DNA population frequency statistics creates such a possibility for prejudicial impact upon the jury that the admission of DNA evidence without complying with [Ex parte Perry, 586 So.2d 242
(Ala. 1991),] can never be harmless error." 677 So.2d at 1209 (emphasis added). I do not agree that DNA evidence is, in every case, so patently prejudicial that its admission will be automatic reversible error if the State fails to strictly comply with Perry in every respect. Rather, I believe that the Court of Criminal Appeals correctly adopted the reasoning of the Arizona Supreme Court as set out in State v. Bible,175 Ariz. 549, 858 P.2d 1152 (1993), cert. denied, ___ U.S. ___,114 S.Ct. 1578, 128 L.Ed.2d 221 (1994), in determining that any error in establishing the admissibility of DNA evidence may be found to be harmless beyond a reasonable doubt where the other evidence of guilt is patently overwhelming.
I have thoroughly studied the record and find overwhelming evidence indicating that Larry Eugene Hutcherson committed the crimes for which he was charged. I would therefore hold that any error in admitting DNA evidence in this case was harmless, and I would uphold the Court of Criminal Appeals' affirmance of Hutcherson's conviction and sentence.
MADDOX, J., concurs.